## DOWLEY v. SCHIFFER.

*(Common Pleas of New York City and County, General Term. March 2, 1891.)*

1. CONTRACTS—ILLEGALITY.
    An electric light company agreed to supply defendant with light for one year at a specified rate per month, and at his expense equip his premises with the necessary wiring, the connection between the company's main line and defendant's premises to be made at the company's expense. After the light had been furnished about six weeks the main line was cut down, because it consisted of overground wires, in violation of Laws N. Y. 1887, c. 716, § 4. *Held* that, in the absence of any showing that the use of prohibited wires was contemplated by either party, the assumption that the company intended to supply the lighting by unlawful means, and that the contract was therefore void, was unwarranted.

2. SAME—IMPLIED PROMISE TO PAY.
    It not appearing from the contract that the payment for the wiring was to be postponed until the company had supplied the light, or some part thereof, a promise to pay immediately on the furnishing of the materials would be implied.

3. SAME—DIVISIBILITY.
    The contract being divisible, the company was entitled to recover the expense incurred for the wiring, in the absence of any counter-claim by defendant for damages for breach of the company's obligation to supply him with light for the stipulated period.

Appeal from sixth judicial district court.

Action by Francis D. Dowley as receiver of the West Side Electric Light & Power Company against Louis Schiffer to recover upon a contract to supply electric lighting to plaintiff, and for the expense incurred in equipping his premises for such lighting purposes. There was judgment for defendant and plaintiff appeals.

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*John J. Lenehan*, for appellant. *Clemens J. Kracht*, for respondent.

BISCHOFF, J. It appeared on the trial that on or about January 11, 1889, the West Side Electric Light & Power Company and the defendant agreed in writing that the company should supply the defendant with electric light for the term of one year, to be paid for at a specified rate per month by defendant; and, further, to equip his premises with the necessary wiring for lighting purposes, the cost of which equipment defendant promised to bear. The contract also provided that the connection between the defendant's premises and its main line should be made at the expense of the company; but it nowhere appeared from the contract that this connection was intended to be made in any manner interdicted by law. When the necessary wiring of the interior of defendant's premises was completed the company commenced supplying the light, and continued to do so for a period of about six weeks, and then, by direction of the commissioner of public works of the city of New York, the connection between the defendant's premises and the company's main line was cut down and removed, because it consisted of overground wires, in violation of section 4, c. 716, of the Laws of 1887, the written permission from the board of electrical control not first having been had and obtained as therein required. Plaintiff brought his action after the connection had been removed. The defendant contended that the use of the prohibited wires rendered the entire contract unlawful, and for that reason plaintiff was not entitled to recovery. The opinion of the trial justice accompanying the return shows that his decision was based exclusively upon such supposed illegality of the contract. To this conclusion, however, we cannot assent. It was not unlawful for the company to agree to supply the defendant's premises with electric light, and to equip them with necessary wiring to utilize the light when supplied. Such a contract is not immoral, or against any rule of public policy, and does not contravene the provisions of any statute; chapter 716 of the Laws of 1887 having no application to conducting wires in the interior of dwelling-houses and other buildings. It is apparent from the statute referred to that

the legislature intended no more than an interdiction of overground wires in the streets of the city of New York without previous permits.   The contract alone discloses no intention on the part of either party to do other than what may be lawfully done; nor does the testimony show that at the time of the making of the contract the use of prohibited wires was contemplated by either party.   The assumption, therefore, that the company when it agreed to supply the defendant with lighting intended to do so by prohibited and unlawful means is wholly arbitrary and unwarranted.   The illegality of a contract is never presumed, but must be affirmatively shown.   *Nelson* v. *Eaton*, 26 N. Y. 415; Abb. Tr. Ev. 789; 1 Whart. Cont. § 344.   And to render a contract void on the ground of illegality it must have been tainted with such illegality at its inception.   If lawful when made, it cannot become unlawful thereafter. 7 Wait, Act. & Def. 66.   The use of unlawful means by one of the parties in performing his obligation under a contract may prevent a recovery to which performance is essential, since in that case the party seeking to recover will himself be compelled to assert his own unlawful act; and he cannot successfully invoke the intervention of courts of justice to aid him in securing the profits of his transgression.   In such a case the legal interdiction upon the act constituting the performance operates as a disability, and the party seeking to recover cannot assert such performance in support of his claim for compensation.   But if the contract is divisible, and the party seeking to recover relies partly upon lawful and partly upon unlawful acts to show performance, he will be permitted to recover whatever may have accrued to him under the contract upon such lawful performance.   A contract is held to be severable when the part to be performed by one party "consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law.   *   *   *   And the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire."   2 Pars. Cont. 517.   Or, as stated and illustrated in Wharton on Contracts, (volume 2, § 899:) "When a duty is divisible it may be performed in parts, and the receiver may be chargeable *pro tanto;* and a vendee to whom a part of an order of divisible goods is delivered is liable for what he received, unless he has suffered damage to that amount by the vendor's non-performance.   Hence, on a contract to publish a work in numbers, at so much a number, it has been held that on partial performance there may be partial recovery.   On a contract, also, to deliver two hundred stove patterns, a part only of which were made, it was held that the vendor was entitled to recover on *quantum meruit* for what was accepted by the vendee, deducting any damages the latter sustains from the non-completion of the contract."   Whether a contract is entire or divisible, so that the party performing in part only may recover for such performance, is always a question of construction, dependent upon the intention of the parties, to be ascertained from the contract.   Applying the rules stated by the authors quoted, we must regard the contract in evidence in the case at bar as divisible.   It is plain that the obligation of the West Side Electric Light & Power Company was twofold; but so also was the obligation of the defendant.   The company was to furnish the defendant's premises with the necessary wiring for lighting purposes, and for these services and materials the defendant was to pay. Thereafter the company was to supply defendant's premises with electric light, and for the light used the defendant was to make monthly payments. The wiring of defendant's premises was completed, and in that respect the company fully discharged its obligation, and became entitled to the amount agreed upon.   It is true that the defendant may have been induced to incur the expense of wiring his premises by the company's agreement thereafter to supply him with light; but if he was disappointed in that respect he might have recovered such damages as he suffered by a counter-claim in the action,

if sustained by sufficient proof, and made on proper allegations. In *Tipton* v. *Feitner*, 20 N. Y. 423, the plaintiff had contracted forthwith to deliver to defendant a quantity of dressed pork for a price agreed upon, and also to sell him upon their arrival, at another price, a number of live hogs. The pork was delivered, but not the hogs, and the defendant, claiming the contract as entire and indivisible, refused to pay for the pork delivered. The court sustained the plaintiff's right to recover, and construed the agreement to be divisible; and the rule applicable to this class of cases is stated by SELDEN, J., as follows: "It by no means follows because a party has agreed to do several things by one and the same contract that the performance of the contract in all its parts is a condition precedent to any right to claim payment for the portion which may have been done. Were this so, there could be no such thing as 'independent covenants' in any contract. It is always a question of construction, depending upon the terms of the contract, its subject-matter, and the circumstances under which it was made, whether there is a condition precedent or not. There are certain well-established legal principles, which seem to me decisive of this question in the present case. It is plain of itself, and well settled by authority, that when by the terms of a contract a payment by one party is to precede some act to be done by the other, then the performance of the act cannot be treated as a condition of the payment; as in the case of contracts for the sale and conveyance of lands, where payments are to be made before the time affixed for the conveyance." In the case now under consideration it does not appear from the contract that a payment to the West Side Electric Light & Power Company for the cost of wiring the defendant's premises was to be postponed until after the company had supplied the light, or some part thereof, and, in the absence of such a provision, the law implies a promise to pay immediately upon the performance of the services and the furnishing of the materials required. See *Tipton* v. *Feitner, supra*. Upon the trial it was proved by the plaintiff, and not controverted by the defendant, that the West Side Electric Light & Power Company had fully complied with so much of the contract as required it to equip the defendant's premises with the necessary wires and appliances to enable him to utilize the light thereafter to be supplied, and the amount which the company claimed to have reasonably expended in that behalf was in no way contested; and, in the absence of any counter-claim by the defendant for damages resulting to him from the breach of the company's obligation to supply him with light for the stipulated period, there should have been a judgment for the plaintiff in the amount of expense incurred in the equipment of the defendant's premises. For the reasons above stated we must hold the judgment appealed from to have been erroneously awarded. Judgment reversed, new trial ordered, with costs to abide the event.

All concur.