## CHARLES A. FOX *vs.* GEORGE E. ROGERS.

Suffolk. March 14, 1898. — July 2, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Illegality of Performance — Action.*

Recovery under a contract to build a drain from the defendant's house to a private
sewer in the street in front is not barred because the plaintiff performed it in an
illegal way.

CONTRACT, upon an account annexed, for labor and materials
furnished in laying a drain in Boston. Trial in the Superior
Court, without a jury, before *Hopkins,* J., who found for the
plaintiff; and the defendant alleged exceptions. The facts ap-
pear in the opinion.

*F. Rogers,* for the defendant.

*F. C. Manchester,* for the plaintiff.

HOLMES, J. This is an action of contract to recover for lay-
ing a drain from two houses of the defendant to a private sewer
in the street in front, for the purpose of draining the surface
water of the cellars, and for no other purpose. The judge, be-
fore whom the case was tried, found for the plaintiff, and it is
conceded that the finding was warranted unless " the mainte-
nance of the present action is contrary to the policy of the law."
The principal matter relied on is that the pipes within and out-
side the building were Akron earthenware pipes, and not cast
iron, as required for drain pipes by St. 1892, c. 419, § 125 ; (see
also § 135; and Rev. Ord. Boston, 1892, c. 42, § 18;) and that
even if, as the plaintiff understood and still contends, these provis-
ions do not refer to pipes intended only for surface drainage, yet
the plaintiff took up and relaid a part of a private drain outside
with which his pipes connected, which was a drain for sewage,
and was within the statute and ordinance. It also is argued,
with less confidence, we take it, that the plaintiff's work, or part
of it, was plumbing within the meaning of the ordinances, and
required a permit under said c. 42, § 16, and also could not be
done lawfully except by a registered plumber. Ibid., and see

c. 17. And finally it is objected that whereas the plaintiff only had a permit to occupy a portion of the street, not exceeding twenty-five feet in length in front of the buildings, he did in fact open a different part of the street for fifty-eight feet, in breach of Rev. Ord. c. 43, § 57.

We shall not trouble ourselves about the construction of the statute and ordinances, because it does not follow that the plaintiff cannot recover if he broke them. There is no policy of the law against the plaintiff's recovery unless his contract was illegal, and a contract is not necessarily illegal because it is carried out in an illegal way. *Barry* v. *Capen*, 151 Mass. 99, 100. The judge was warranted in finding that the defendant employed the plaintiff to build a suitable drain, and left all details to the plaintiff's discretion, simply promising to pay for the job when finished in consideration of the plaintiff's promise to do it, — a contract lawful on both sides. It is true that the plaintiff declares on an account annexed, setting out every item of labor and materials, but no question was raised on the pleadings, and even taking the case according to the pleadings, many of the items would be good. If the contract was what we have supposed, it was good as a whole. The supposed illegal acts entered neither into the promise nor into the consideration. It was not necessary to prove them even for the purpose of showing that the drain was finished, and that the time for payment had arrived. Probably the plaintiff's acting in excess of his license would be immaterial after the work was done. It may be that if the pipes are not of the material required by law, they are liable to be taken up, or that in some way the fact might affect the amount of the plaintiff's recovery, if that question were before us. But the only question is the fundamental one, whether we can say, as matter of law, that the contract was illegal, and that the plaintiff can recover nothing. That, in the opinion of a majority of the court, we cannot say. It is perfectly plain that the parties did not intend to contract for anything illegal, and even if the contract had contemplated the specific items charged for, it may be that it could have been sustained, but on that we express no opinion. *Favor* v. *Philbrick*, 7 N. H. 326, 337 *et seq. Waugh* v. *Morris*, L. R. 8 Q. B. 202.

*Exceptions overruled.*