KEITH FURNACE COMPANY, Appellee, v. NETTIE N. MAC VICAR, Appellant.

No. 44371.

JUNE 21, 1938.

REHEARING DENIED OCTOBER 27, 1938.

Stipp, Perry, Bannister & Starzinger, for appellant.

Guy A. Miller, for appellee.

STIGER, C. J.—Plaintiff brought this action on a promissory note executed by defendant in the sum of $564.96 in payment of the balance due for furnishing and installing an oil burning system in defendant's home by plaintiff. The defendant, in her answer, stated that plaintiff and defendant on September 28, 1935, entered into a written contract which provided that the plaintiff would install an oil burning system in the home of defendant; that on June 25, 1934, the Building Code of the city of Des Moines, ordinance No. 4227, was duly enacted and passed by the city council of Des Moines, Iowa; that said ordinance was published in book or pamphlet form on or about May 1, 1935, in a volume entitled "Ordinances of the City of Des Moines passed during the Fiscal Year ending March 31, 1935", and that said volume contained only the ordinances of the city of Des Moines passed during the period commencing April 1, 1934, and ending March 31, 1935; that said ordinance was never published in a newspaper at or after the date of the passage of said ordinance by the city council although there were at said date and ever since have been newspapers published and of general circulation in the city of Des Moines, Polk County, Iowa; that in violation of the express terms of said building code, the plaintiff commenced making the installation of the forced air oil burning system described in Exhibit A and completed the same without filing any plans or specifications covering said work or making any application for a permit to make such installation or obtaining a permit or paying permit fees or giving any notice whatsoever to the building commissioner of the city of Des Moines that said installation was being contemplated or made, and by reason of the premises, the performance of the plaintiff was illegal and void and plaintiff can claim no rights under the contract, Exhibit A, or on the note for which the plaintiff's unlawful act was the consideration.

The material parts of the ordinance are the following: "Ordinance No. 4227. Providing for fire limits and regulations

covering the construction, alteration, equipment, occupancy, repair, use and removal of buildings and other structures; regulating the installation of warm air furnaces when used for heating purposes in residences and other buildings; regulating the installation and use of oil and gas burners and automatic stokers.

## "ARTICLE 1.

"Section 1. This ordinance shall be known and cited as the Building Code and is hereby declared to be a remedial ordinance and is to be construed so as to secure the beneficial interests and purposes intended and is to apply to all parts of the City of Des Moines, hereafter referred to as the City.

"Section 9. Permits Required and Issued by this Department. Permits shall be required for the following operations: * * *

"j. The installation or replacement of all gas and oil burners and automatic stokers as defined in Section 428. * * *.

"m. It shall be the duty of the installer or his agent to obtain a permit for the construction, installation, replacement, or reset of a furnace and/or appurtenances before commencing same.

"Section 12. Plans and Specifications. Before proceeding with * * * the installation of any apparatus covered by Section 9, the owner or his agent shall, except for removal of buildings, accompany the application for such permit with two complete sets of plans and specifications. * * . One set of approved plans and specifications shall be kept on the job until completion and shall be available at all times to the inspectors of the department.

"Section 13. Department Approval. All plans and specifications shall be submitted to various departments necessary and their approval or disapproval secured, together with the reasons for such disapproval. Upon the approval of all the departments, and after payment of the proper fee, the department shall be empowered to issue a permit therefor. * * *.

## "ARTICLE 28.

"Section 407. Defined. That the provisions of this article shall be held to be the minimum requirements adopted for the protection of the health, peace, welfare, sanitation and safety of the community and for the protection of the ultimate purchaser or user of the heating plant."

The ordinance imposed a penalty of $100 or 30 days in jail for violation of the ordinance.

Plaintiff filed a motion to strike the defense to his cause of action set out in defendant's answer on two grounds. The first ground is that the Building Code was never in force in the city of Des Moines and never a valid ordinance.

The second ground is that "even though the ordinances referred to by the defendant in her answer were valid and binding, the failure to secure a permit on the part of the plaintiff would constitute no defense to the plaintiff's action to recover on the note for the balance of the purchase price; and further this plaintiff states that said ordinance does not purport to declare any contracts executed against its provisions even though said ordinance is valid, to be null and void, but, on the contrary, when all of its terms are read together, discloses a contrary intent, for that it is provided in said ordinance that if a permit is not secured before commencing the work, it shall be the duty of certain designated city officials to collect not only the regular fee for the permit but additional sums, in no case less than $5.00, for requiring the installer of a furnace to get a permit."

The trial court sustained the motion to strike and defendant appealed.

As we have disposed of the case on the second ground of the motion to strike, it will not be necessary for us to determine whether or not the Building Code of the City of Des Moines is a valid ordinance.

As above stated, plaintiff claims that its failure to comply with the provisions of the Building Code does not constitute a defense to its action to recover on the note given for the balance of the purchase price. Appellant submits three related propositions to sustain her position that because plaintiff violated the terms of the Building Code the contract was illegal and void and plaintiff can claim no rights under the contract, which propositions are:

"1. No suit based on the performance of acts in violation of law may be maintained.

"2. Transactions violating municipal ordinances are illegal and no suit may be maintained on them.

"3. Transactions violating laws enacted for the protection

of the general public are illegal and no civil rights may be founded thereon by the guilty party.''

■ If a statute or city ordinance prohibits the practice of a profession or the carrying on of a business without first procuring a license and a fine is imposed for violating the law, recovery cannot be had for services rendered in such occupation. Richardson v. Brix, 94 Iowa 626, 63 N. W. 325; Lynch v. Kathmann, 180 Iowa 607, 163 N. W. 408.

It is a general rule that an agreement which violates a provision of a constitution or of a constitutional statute or which cannot be performed without violation of such a provision is illegal and void. In this respect there is no distinction between statutes and ordinances. 12 Am. Jur. 652, Sec. 158.

We do not purport to hold that, if no penalty is attached for violation of a statute, contracts in violation thereof would be enforceable.

■ Statutes may be expressly prohibitory, or impliedly prohibitory as, for example, where its object is for the protection of the public and is not solely a regulatory or revenue measure. See annotation in 30 A. L. R., beginning on page 834.

■ Plaintiff in this case was not required to procure a license or permit to carry on its business which was a lawful one. The bargain between the parties for furnishing and installing the oil burning system did not directly or indirectly provide for or contemplate a violation of the ordinance. The record does not disclose that when the contract was entered into either party intended to violate the ordinance. The consideration was legal. The contract was not connected with an illegal purpose or illegal business and could be performed without a violation of law. The contract did not stipulate for an act which was malum in se or malum prohibitum.

The parties having entered into a valid contract, the question is whether the defendant can escape paying for the oil burning system because the plaintiff in performing its part of the contract violated the ordinance.

We quote from 12 Am. Jur., page 647, Sec. 153:

''The rule has been stated to be that if an agreement can by its terms be performed lawfully, it will be treated as legal, even if performed in an illegal manner; while an agreement entered into with intent to violate the law is illegal, even if the

parties may, in performing it, depart from the agreement and keep within the law.''

In Fox v. Rogers, 171 Mass. 546, 50 N. E. 1041, there was a lawful contract to lay a drain but the contract was performed in an illegal manner. The court stated (page 1042):

''There is no policy of the law against the plaintiff's recovery unless his contract was illegal, and a contract is not necessarily illegal, because it is carried out in an illegal way. * * * The supposed illegal acts entered neither into the promise nor into the consideration. * * * But the only question is the fundamental one whether we can say, as matter of law, that the contract was illegal, and that the plaintiff can recover nothing. That we cannot say.''

See Armour & Co. v. Jesmer, 76 Wash. 475, 136 Pac. 689, and also note in 117 Am. St. Rep. 501.

In Denison v. Crawford County, 48 Iowa 211, the court, in referring to cases in which recovery was denied the plaintiffs, stated:

''In these cases, and all others of a like character to which our attention has been called, either the contract on its face, or when viewed in the light of the circumstances surrounding the transaction, clearly disclosed the fact that improper means and influences were to be used to accomplish the desired end. The parties so contemplated and contracted accordingly.''

There was no agreement to violate the ordinance, nor was the contract connected with an illegal purpose or illegal business. It was possible to perform the contract without violating it. There is no evidence that the plaintiff intended to violate the ordinance when the contract was entered into. The installing of an oil burner is not, per se, an unlawful act. The performance of the contract by plaintiff was not in *itself* forbidden by the ordinance which required that the system be installed in compliance with its regulatory provisions. As stated in the dissenting opinion in Dillon & Palmer v. Allen, 46 Iowa 299, a distinction must be made between the doing of a thing which the law prohibits, and the doing of a thing which the law allows, *but in a. manner prohibited.* The wrongful act of plaintiff did not inhere in the contract, nor make the valid contract invalid. The agreement was valid, untainted with any vice, and defendant can not

avoid payment for the system because plaintiff in performing its part of the contract violated the ordinance.

We have examined the cases cited by appellant and find among the reasons that plaintiffs were denied recovery the following: (1) The plaintiff was required to have a license or permit to engage in his profession or business and the violation of the statute was made a crime, (2) the contract provided for or contemplated a violation of the prohibitory statute, (3) the contract could not be performed without a violation of law, and (4) the contract contained an inherent evil tendency and public policy forbade its enforcement. Such cases are not applicable to the contract and fact situation in this case.

The trial court was right in sustaining the motion to strike and the case is affirmed.—Affirmed.

DONEGAN, MITCHELL, KINTZINGER, SAGER, HAMILTON, RICHARDS, and MILLER, JJ., concur.