Clarence Tocci *vs.* Samuel Lembo & another.

Middlesex.    February 7, 1950. — May 2, 1950.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Contract,* Performance and breach, Validity, Building contract. *Public Policy. Housing.*

Building construction, which, although done by a builder in performance of a lawful contract with a landowner, was carried out in violation of valid Federal regulations forbidding such construction without specific authority therefor and making such violation a criminal offence, was against public policy, and the builder was barred from recovering for his work from the landowner.

Contract. Writ in the Second District Court of Eastern Middlesex dated December 7, 1946.

The action was heard by *Grover,* J.

*F. J. Morgan,* for the plaintiff.

*J. C. Collins,* for the defendants.

Williams, J. This is an action of contract to recover a balance alleged to be due for labor and materials furnished in the erection of a house for the defendants on their land in Newton. Of the two counts in the plaintiff's declaration one is on an express contract for the construction of the house

and one on an account annexed. In addition to general denial and payment the answer sets up illegality of the contract and illegality of its performance. The case is here on the plaintiff's appeal from an order of the Appellate Division dismissing a report of the trial judge in the District Court after a finding for the defendants.

The judge found that after a preliminary contract under which the plaintiff proceeded to excavate a cellar for a single family dwelling house on the defendants' land, the contract declared upon was executed in writing on April 13, 1946, and that none of the construction under the contract had begun previous to March 26 of that year, on which date order No. 1 of the Veterans' Emergency Housing Program, Civilian Production Administration, became effective. Order No. 1 (32 CFR, 1946 Sup. c. 9, Part 4700; 11 Fed. Reg. 3190) provided in § 4700.1, (c) (1) and (2), so far as here material, that after March 26 no one should construct or participate in the construction of a structure similar to the one in question unless specifically authorized under § 4700.1 (h). The preamble to the order recited that the Veterans' Emergency Housing Program "calls for the construction of an unprecedented number of moderate and low-cost housing accommodations to meet the needs of returning veterans. The fulfillment of requirements for the defense of the United States has created a shortage in the supply of materials and facilities required for construction, for defense, for private account and for export. It will be impossible to carry out the Veterans' Emergency Housing Program without diverting critical materials from deferrable or less essential construction. The following order is deemed necessary and appropriate in the public interest and to promote the national defense." It was provided that one violating the order shall be guilty of a crime punishable by fine or imprisonment. "In addition, any such person may be prohibited from making or obtaining further deliveries of, or from processing or using material under priorities control, and may be deprived of priorities assistance" (§ 4700.1 [j]). The plaintiff constructed the dwelling house under his con-

tract without obtaining from the housing authorities authorization for such construction or the necessary "priorities" for the materials to be used. The judge found as a fact that consequently the plaintiff violated the provisions of order No. 1 and ruled as matter of law that he could not recover in this action. The single question raised by the report both under the final ruling of the judge and under his disposition of requests for rulings, which need not be recited, is whether as matter of law the plaintiff is barred from recovery.

The contract itself was not illegal. It did not necessarily contemplate the violation of the governmental regulation. *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292, 294. *Gaston* v. *Gordon*, 208 Mass. 265. *Huey* v. *Passarelli*, 267 Mass. 578. *Broussard* v. *Melong*, 322 Mass. 560. It becomes necessary to determine, therefore, whether the plaintiff is barred by his illegal performance. It is settled that, with an exception not here material, courts will not aid in the enforcement of an illegal contract. *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356. *Berman* v. *Coakley*, 243 Mass. 348. No decision in this Commonwealth has been brought to our attention, however, where one has been barred from recovery under a contract where the illegality was not in the contract but in its performance. In *Fox* v. *Rogers*, 171 Mass. 546, concerning an action to recover for labor and materials supplied in laying a drain, where it appeared that the pipes laid differed from those permitted by statute, it was intimated that recovery would be permitted. The violation of the statute was only incidental to the performance of the contract and but a doubtful question of public policy was involved. The opinion may be supported on the failure of the defendant to plead illegality. See *Morello* v. *Levakis*, 293 Mass. 450, 451. In *Barry* v. *Capen*, 151 Mass. 99, the plaintiff, an attorney, had been employed to appear before the board of street commissioners and advocate the laying out of a certain highway. The issue in the case was whether there was evidence that the contract was lawful. It was said by Holmes, J., that "If the contract was legal, it would

not be made illegal by misconduct on the part of the plaintiff in carrying it out." The court was referring to the bearing of the illegality of performance on the issue of the illegality of the contract itself. It was held by a majority of the court that the finding for the plaintiff should be sustained. Whether the plaintiff was barred by any illegality in his performance of the contract was not decided. More recent cases suggest illegal performance as a definite bar to recovery. In *Nussenbaum* v. *Chambers & Chambers, Inc.* 322 Mass. 419, 421, 422, it was said that "it is against public policy that the court should be called upon to enforce contracts that the parties have been expressly or impliedly forbidden by law to make or to perform." In *Reuter* v. *Ballard,* 267 Mass. 557, 563, the court said, "An illegal contract, or the illegal performance of a legal contract, which is apparent upon undisputed facts will not be enforced in this court." In Williston on Contracts (Rev. ed.) § 1761, the principle is stated which in our opinion governs the instant case: ". . . if the performance actually rendered by the plaintiff is something in itself forbidden by law, the fact that the bargain was in such general terms as to cover either the illegal performance or a lawful performance, and that both parties originally had no intention to have the performance unlawful, will surely not justify recovery on the bargain if the illegality is serious or more than an incidental part of the performance. . . . Not the illegality of the contract, but the illegality of the plaintiff's conduct either in entering into or in performing the contract is the true ground for denying recovery." See *Duane* v. *Merchants Legal Stamp Co.* 227 Mass. 466, 469. The judge found that the structure here was erected in violation of the Federal regulations pertaining thereto. They were binding on the plaintiff as a part of the "law of the land." See *Schaffer* v. *Leimberg,* 318 Mass. 396, 405. Clearly the acts of the plaintiff were in violation of public policy. See *Council* v. *Cohen,* 303 Mass. 348, 352. The courts will not lend their aid to relieve parties from the results of their own illegal adventures. *Snell* v. *Dwight,* 120 Mass. 9, 15. *Eastern Expanded Metal Co.* v. *Webb Granite*

& *Construction Co.* 195 Mass. 356, 362. *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 117. *Gleason* v. *Mann,* 312 Mass. 420, 422.

*Order dismissing report affirmed.*