*Northern District*

No. 4879

## WALTER W. GILBERT

v.

## MERRIMAC DEVELOPMENT CORP.

(July 29, 1955)

*Brooks, J.* This is an action of contract to recover $1,920.00 alleged to be due under an oral agreement between parties dated August 12, 1953, whereby the plaintiff was to receive from the defendant 5% on all business procured by plaintiff for defendant. Defendant's answer is general denial, waiver of payment, illegality of the agreement, ultra vires, and the Statute of Frauds.

*There was evidence at the trial* that the Dartmouth Box Co. had secured a government contract and that plaintiff, who was treasurer of the company, had requested defendant to take an assignment of the contract. Defendant declined to do this, and instead made an oral agreement with plaintiff to pay him a commission of 5% if he could obtain the contract directly for defendant.

There was evidence that plaintiff was instrumental in procuring a Negotiable Marine Corp. contract for defendant and that defendant refused to pay the 5% agreed upon. Defendant denied that any such agreement had been made. There was also evidence that plaintiff and defendant had entered into a written agreement, but that any claim thereunder was waived by plaintiff.

At the close of the trial, defendant filed nine requests for rulings as follows:

1. The evidence considered most favorably toward the plaintiff is insufficient as a matter of law to warrant a finding for the plaintiff.

2. As a matter of law the plaintiff has not sustained the burden of proving his case.

3. The evidence considered most favorably toward plaintiff does not warrant a finding that a valid oral contract was entered into by the plaintiff and the defendant.

4. The evidence considered most favorably toward the plaintiff does not warrant a finding that a valid written contract was entered into by the plaintiff and the defendant.

5. A finding by this Honorable Court that a valid oral contract was entered into by the plaintiff and the defendant, the plaintiff would be barred from recovery because said contract based on a Government contract would be illegal. (41 U.S.C. §51) ; (*Tocci v. Lembo,* 325 Mass. 707) ; (*Nussenbaum v. Chambers and Chambers,* 322 Mass. 419, 421, 422).

6. There is no power in a Court to enforce an illegal contract. (*Tocci v. Lembo,* 325 Mass. 707).

7. An unexecuted written contract is unenforceable.

8. A finding that a valid written contract was made between the plaintiff and defendant would bar the plaintiff from recovery on a written contract because the contract is within the Statute of Frauds. (*Marble v. Clinton,* 298 Mass. 87).

9. A contract of employment that would take more than a year to complete is within the Statute of Frauds and must be a valid written contract. (*Marble v. Clinton,* 298 Mass. 87).

The Report is confusing, both in form and substance, as to the disposition of the requests for rulings. So far as can be gathered from the docket entries and the Report, and from the arguments before this court, the trial court denied requests Nos. 1, 2, 3, 5, and 8, and allowed requests Nos. 4, 6, 7, and 9. In disposing of request No. 8 the court made the following statement: "The court does not find that a written contract was made." The court found for plaintiff in the sum of $1,990.88.

The Report concludes with the statement: "Defendant claiming to be aggrieved by the failure of the court to rule on the following requests for ruling (reciting requests No.s 2, 3, and 5) hereby reports the same at (sic) the Appellate Division for determination."

It is to be noted that the Report does not state that it "contains all the evidence material to the questions reported." This omission leaves no basis for the allowance of request No. 2. ("As a matter of law, plaintiff has not sustained the burden of proving his case.") A report to the Appellate Division is like a bill of exceptions in the Superior Court where

failure to include a similar statement requires the reviewing court, except under limited circumstances, to refuse to consider an exception to the denial of a motion for a directed verdict, *Handrahan v. No. Main St. Garage,* 312 Mass. 699, or an exception to the refusal of a request for a ruling that the evidence requires a finding in favor of the requesting party. *Gaw v. Hew Construction Co.,* 300 Mass. 250, 251, 252. The same principles apply to a report to the Appellate Division. *Irving v. Bonjorno,* 327 Mass. 516, 518.

Request No. 3 is disposed of by the court's finding for plaintiff which presupposes a valid oral agreement. That is to say, plaintiff can recover only if a contract, oral or written, has been established. The court specifically did not find that there was a written contract. Therefore, it must have concluded that there was an oral contract. This is a conclusion of fact supported by credible evidence which will not be disturbed. *Sutherland v. McGee,* 329 Mass. 530, 531.

Defendant devoted some space in his brief to the contention that the contract was void as coming within the Statute of Frauds. In the first place, the only request for a ruling relating to the Statute of Frauds was No. 9 which was granted by the court. In the second place, defendant does not include this defense in his list of grievances in the Report. In the third place, were the matter properly before this court, the finding would have to be against defendant's contention that the contract was within the Statute of Frauds since there is nothing to indicate that it could not be performed within one year. *Rowland v. Hackett,* 243 Mass. 160, 162. *Nickerson v. President and Fellows of Harvard College,* 298 Mass. 484, 486.

Request No. 5 presents the question of the legality of the contract between plaintiff and defendant. It is argued by defendant that 41 U.S.C., §51, makes

illegal the kind of agreement entered into by the parties in this case. Were the section applicable, that result might well follow. *Tocci v. Lembo,* 325 Mass. 707. §51 is as follows:

### Title 41 UNITED STATES CODE

§51. FEES OR KICK-BACKS BY SUBCONTRACTORS ON COST-PLUS-A-FIXED-FEE OR COST REIMBURSABLE CONTRACTS; RECOVERY BY UNITED STATES; CONCLUSIVE PRESUMPTIONS; WITHHOLDING OF PAYMENTS.

"The payment of any fee, commission, or compensation of any kind or the granting of any gift or gratuity of any kind, either directly or indirectly, by or on behalf of a subcontractor, as defined in section 52 of this title, (1) to any officer, partner, employee, or agent of a prime contractor holding a contract entered into by any department, agency, or establishment of the United States for the furnishing of supplies, materials, equipment or services of any kind whatsoever, on a cost-plus-a-fixed-fee or other cost reimbursable basis; or to any such prime contractor or (2) to any officer, partner, employee, or agent of a higher tier subcontractor holding a subcontract under the prime contract, or to any such subcontractor either as an inducement for the award of a subcontractor or order from the prime contractor of any subcontractor, or an acknowledgment of a subcontract or order previously awarded, is hereby prohibited. The amount of any such fee, commission, or compensation or the cost or expense of any such gratuity or gift, whether heretofore or hereafter paid or incurred by the subcontractor, shall not be charged, either directly or indirectly, as a part of the contract price charged by the subcontractor to the prime contractor or higher tier subcontractor. The amount of any such fee, cost or expense shall be recoverable on

behalf of the United States from the subcontractor or the recipient thereof by set-off of moneys otherwise owing to the subcontractor either directly by the United States, or by a prime contractor under any cost-plus-a-fixed-fee or cost reimbursable contract, or by an action in an appropriate court of the United States. Upon showing that a subcontractor paid fees, commissions or compensation or granted gifts or gratuities to an officer, partner, employee, or agent of a prime contractor or of another higher tier subcontractor, in connection with the award of a subcontract or order thereunder, it shall be conclusively presumed that the cost of such expense was included in the price of the subcontract or order and ultimately borne by the United States. Upon the direction of the contracting department or agency or of the General Accounting Office, the prime contractor shall withhold from sums otherwise due a subcontractor any amount reported to have been found to have been paid by a subcontractor as a fee, commission, or compensation or as a gift or gratuity to an officer, partner, employee, or agent of the prime contractor or another higher tier subcontractor. Mar. 8, 1946, c. 80, S. 1, 60 Stat. 37."

Section 52 referred to is as follows:

"For the purpose of sections 51-54 of this title, the term 'subcontractor' is defined as any person, including a corporation, partnership, or business association of any kind, who holds an agreement or purchase order to perform all or any part of the work or to make or to furnish any article or service required for the performance of a cost-plus-a-fixed-fee or cost reimbursable contract or of a subcontract entered into thereunder, and the term 'person' shall include any subcontractor, corporation, association,

trust, joint-stock company, partnership, or individual. Mar. 8, 1946, c. 80, §2, 60 Stat. 38."

There is, in the first place, nothing in the report to indicate whether a Negotiable Marine Corporation contract is a cost-plus-a-fixed fee or cost reimbursable contract. Clauses of the contract are set forth in defendant's brief, but not being part of the Report, are not properly before us.

In the second place, it is apparent from the title of §51 and from the language of the act itself that the transactions covered therein relate to payment by a subcontractor to "any officer, partner, employee, or agent of a prime contractor" or by a subcontractor to "any officer, partner, employee, or agent of a higher tier subcontractor." It is obvious that plaintiff is not a prime contractor, also that defendant is not a subcontractor. Defendant is the prime contractor, while plaintiff has no connection whatever with the contract except to procure it. The definition of subcontractor in §52 is not inconsistent with the above interpretation.

The following quotation from House Report No. 212, February 22, 1945, appearing in 1946 U.S. Code Congressional Service, stating the purpose of the bill, bears out the above interpretation.

"The purpose of the bill is to eliminate the practise of subcontractors of paying fees or kickbacks, or of granting gifts or gratuities to employees of cost-plus-a-fixed-fee or cost reimbursable prime contractors, or of higher tier subcontractors for the purpose of securing the award of subcontracts or orders.

"The matter was investigated by representatives of the Senate Committee . . . It was revealed that gratuities or gifts in the form of money, War Bonds and entertainments had been given by certain concerns to individuals employed in the purchasing departments of the prime contractors in acknowledgment for orders previously

given to the concerns thru the influence of said individuals or for the purpose of inducing the award of future orders by this influence."

Clearly the statute was not aimed at a transaction such as the one before us.

Request No. 5 was properly denied. It follows that the report is to be dismissed.

Wasserman & Salter, for the plaintiff.

Alfred L. Daniels, for the defendant.