HAWES ELECTRIC CO. *vs.* CHRISTINE P. ANGELL
(and a companion case[1]).

Bristol.    October 26, 1954. — February 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* Performance and breach, Validity, Building contract, Divisible contract.    *Fire Prevention.    Regulation.    Law or Fact.*

In an action to recover a certain sum for furnishing and installing an oil burner for the defendant, the fact that the plaintiff violated certain fire prevention regulations by failing to obtain a permit for the installation or to furnish a certificate of its completion did not require a ruling that he was not entitled to any recovery where the evidence warranted a finding that there were separable contracts for the furnishing of the burner and for the installation rather than an entire contract for both.    [191–192]

The question whether a violation of certain fire prevention regulations applicable to the installation of an oil burner was serious or more than merely incidental to the performance of a contract for the installation was a question of law and should not have been left to the jury.    [192]

The replacement of an existing oil burner with a new one was an installation within fire prevention regulations requiring a permit for installation of an oil burner and the furnishing of a certificate of completion of the installation.    [192]

TWO ACTIONS OF CONTRACT.    Writs in the Superior Court dated June 11, 1952.

The actions were tried before *Warner, J.*

*John B. Nunes & Harold T. Gilley,* for the defendants, submitted a brief.

No argument nor brief for the plaintiff.

LUMMUS, J.    These are actions of contract, begun on June 11, 1952, brought respectively against a wife and her husband, to recover $1,778.77 for labor and materials furnished to them by the plaintiff.    The only item now in

---

[1] The companion case is one brought by the same plaintiff against William P. Angell.

dispute is one of $1,281.50 for "oil burner . . . installed."
The defendants contended that the work was not done in
a workmanlike manner and that the contract was not per-
formed, and claimed damages in recoupment therefor.   In
addition the defendants contended that the work was done
in violation of law.   In each case the plaintiff obtained a
verdict for $1,766.59.   The defendants alleged exceptions.

General Laws (Ter. Ed.) c. 148, § 10, as it appears in
St. 1945, c. 710, § 4, empowers the board of fire prevention
regulations to make regulations relative to fire prevention.
By § 30, as amended by St. 1945, c. 710, § 13, violation of
such a regulation is made punishable by fine, and such a
regulation may be enforced by the Superior Court in equity.
Rule 8 of Section 2 of such regulations provides that who-
ever desires to install a fuel oil burner must obtain a permit
from the head of the fire department.   Rule 10 of Section 2
provides that no permit for the use of fuel oil in connection
with any fuel oil burner shall be issued until a certificate
of completion shall have been furnished by the person to
whom was issued a permit for installation.   There was
evidence that the plaintiff never applied to the head of the
fire department for a permit for installation of a fuel oil
burner, and that the plaintiff never furnished a certificate
of completion to the head of the fire department.   The
plaintiff did not contradict that evidence.

The installation was completed on April 30, 1951.   There
was evidence tending to show that the price of the burner
was $1,150 and the cost of installation $131.50.   But there
was evidence tending to show that the price of the burner
and its installation were included in an entire price of
$1,281.50.   Clearly the plaintiff violated the regulations by
failing to obtain any permit for installation or to furnish
any certificate of completion.   Therefore the plaintiff can-
not recover for its services in installation.   *Tocci* v. *Lembo,*
325 Mass. 707.   And if the contract was an entire one for
burner and installation, a violation of the regulations as
to installation will prevent the plaintiff from recovering
anything on the entire contract, at least "if the illegality is

serious or more than an incidental part of the performance." Williston, Contracts (Rev. ed. 1938) § 1761. Corbin, Contracts (1951) § 1512. *Pratt* v. *Burdon*, 168 Mass. 596. *Howard* v. *Bean*, 275 Mass. 115. Here the requirement of permit and certificate of completion was more than an incidental part of the performance. But since the contract for the burner could be found to have been separable, there was no error in the denial of the instruction requested by the defendants that the violation of the regulations precluded any recovery on the item in question.

The defendants excepted to the charge of the judge in which he left to the jury the question whether the illegality was serious or more than an incidental part of the performance. That exception must be sustained. The question was one of law, and should not have been left to the jury. *Woodbury* v. *Sparrell Print*, 198 Mass. 1, 9. The error was not cured by the verdict of the jury, which was for the plaintiff. *Bouvé* v. *Cottle*, 143 Mass. 310. There was error also in the instruction that the regulations do not apply to the replacement, as in this case, of one oil burner with another. The installation of a new oil burner in the place of an earlier one was nevertheless an installation within the regulations. Other questions have been argued, but in our opinion we need not discuss them. From what has already been said, the entry must be

*Exceptions sustained.*