*Southern Division*

### DONALD SORELLE
#### v.
### ALEXANDER PELLETIER, ET AL

*Present*: Nash, P. J., Cox and Callan, JJ.

Case tried to BARNET, J., in the Third District Court of Bristol. No. 7413 of 1954.

*Cox, J.* In this action of contract commenced by writ dated February 24, 1954, the plaintiff seeks to recover on a single count on an account annexed, $392.00 for a fuel oil burner unit and its installation. In addition to a general denial, the defendants set up in their answer that the work was not done in a workmanlike manner and was of no use to them; that the burner was not one which would properly heat their house as agreed; that they rescinded the sale for breach of warranty and gave the plaintiff seasonable notice thereof. They also claim damages in recoupment. There is no direct allegation of illegality of contract or of its performance except an allegation that the heating unit was condemned by the wire inspector and the fire department. There was a finding for the defendants.

The case was reported because the plaintiff claims to be aggrieved by the judge's finding for the defendants and his rulings "on the parties' requests".

The critical and decisive question involved

here is whether the plaintiff is barred from recovery because of illegality in performance of the contract for the oil burner and its installation. The judge, by his allowance of certain of the defendants' requests for rulings and his finding for the defendants, apparently concluded that the plaintiff was guilty of illegality in performance and barred him from recovery.

As the case has been fully tried on the question of illegality and as the evidence on the point is not disputed, we proceed to consider it on the merits and without regard to any shortcomings in the pleadings. Thus, at the outset, we hold that there was no prejudicial error in the denial of the plaintiff's request number 3 that illegality should have been specially pleaded. *Hayden v. Hayden,* 326 Mass. 587, 589; *John T. D. Blackburn, Inc. v. Livermore,* 317 Mass. 20.

The plaintiff installed a well-known brand of oil burner in the defendants' house in October, 1953. He made no application for and obtained no permit for the installation of the burner from the head of the fire department, nor did he furnish a certificate of completion to the head of the fire department. An official of the fire department, empowered to enforce fire prevention regulations pertaining to the installation of oil burners, testified that he "tagged" the burner on February 3, 1954 because no permit had been issued and on the same day notified the plaintiff that he had done so. The tag was to prevent any further delivery of oil. On February 26, 1954,

two days after the date of his writ commencing this action, it could have been found that the plaintiff filed an application for a permit and a certificate of completion. It could also have been found that on March 1, 1954, a permit and a certificate of certification were issued to the plaintiff by the fire department and the records were stamped "Permit Granted".

The plaintiff admitted receiving a letter dated February 17, 1954 from the defendant Alexander Pelletier requesting him to take out the burner. The plaintiff refused to do so. The defendant testified that he removed the burner, there being some inconsistency as to the time, he having testified that it was five or six days after the tagging on February 3, 1954 and then that it was five or six days after his letter of February 17, 1954. He further testified that he placed the burner on the floor beside the furnace "where it still is".

It has been pointed out in the case of *Hawes Electric Co. v. Angell,* 332 Mass. 190, 191 that "General Laws (Ter. Ed.) c. 148, §10, as it appears in St. 1945, c. 710, §4, empowers the board of fire prevention regulations to make regulations relative to fire prevention. By §30, as amended by St. 1945, c. 710 §13, violation of such a regulation is made punishable by fine, and such regulation may be enforced by the Superior Court in equity. Rule 8 of §2 of such regulations provides that whoever desires to install a fuel oil burner must obtain a permit from the head of the fire department. Rule 10 of §2 provides

that no permit for the use of fuel oil in connection with any fuel oil burner shall be issued until a certificate of completion shall have been furnished by the person to whom was issued a permit for installation." These regulations were brought to the judge's attention at the trial.

It appears that the price of $392.00 included both the burner and its installation and that the contract for the burner and its installation was an entire one. Certainly such a conclusion is implicit in the judge's finding for the defendant and is warranted. Accordingly, the violations of the fire prevention regulations relating to installation bears upon and affects the entire contract and not so much of it as relates only to the installation. *Hawes Electric Co. v. Angell,* 332 Mass. 190. As matter of law, the plaintiff's failure to obtain a permit and to submit a certificate of completion in connection with the installation of the burner, was serious and constituted a violation of the law which prevented him from recovering anything under the contract. *Hawes Electric Co. v. Angell,* 332 Mass. 190; *Tocci v. Lembo,* 325 Mass. 707. It follows that there was no prejudicial error on the judge's part in allowing the defendants' request that the plaintiff violated the fire prevention regulations (Request No. 5); and that the contract was an entire one for the burner and its installation (Request No. 6). The defendants' requests numbers 7, 8, 9 and 10 which the judge also allowed and because of the allowance of which the plaintiff

claimed to be aggrieved, related to the defendants' right to rescind for breach of warranty, are inconsequential and need not be considered. There was no error in the judge's denial of the plaintiff's request number 1 that if the plaintiff violated existing laws, rules or regulations in the performance of his contract pertaining to the installation of the oil burner, no damage has been done the defendants by such violation but merely subjects the plaintiff to a penalty; and in the denial of number 4 that a lawful contract although carried out without obtaining a permit, in violation of law, cannot be declared illegal as a whole, so as to prevent recovery. As has been pointed out, the contract in the instant case was an entire one and the violation of the law not only exposed the plaintiff to a penalty but also prevents any recovery by him in this action.

The date of the writ, February 24, 1954, is *prima facie* evidence of the date upon which the action was commenced. There is nothing in the Report to indicate that the action was commenced at some other time. *Lapp Insulator Co. v. Boston & Maine Railroad,* 330 Mass. 205, 213. The rights of the parties are to be determined as of the date the action was commenced. *DeNuccio v. Caponigro,* 259 Mass. 365. The plaintiff had obtained no permit nor filed any certificate of completion before he brought the action. Therefore, we must consider of no effect what transpired after February 24, 1954.

As no error of law prejudicial to the

plaintiff has been shown, an order should be entered dismissing the Report.

Joseph Lipsitt of New Bedford, for the Plaintiff, cited *Fox v. Holmes,* 171 Mass. 546, 547 and *Barry v. Capen,* 151 Mass. 99, 100 for the proposition that a legal contract is not rendered illegal because performed in an illegal manner and that recovery may be had for so much of the performance as was legal. Also, *Palefsky v. Connor,* 270 Mass. 410 for the point that a contract for work on a building is not rendered illegal or unenforcible because the contractor fails to file specifications required by the ordinance under which the work was permitted.

Gerald P. Walsh of New Bedford for the Defendant.