*Municipal Court of the City of Boston*

No. 449883

**ROSARIO A. BUCCELLA**

v.

**GERALD SCHUSTER**

(February 20 — May 25, 1959)

*Present:* Gillen, J. (Presiding), Riley and Fox, JJ.

Case tried to *Shamon, J.*

*Riley, J.* This is an action of contract wherein the plaintiff seeks recovery for labor and materials furnished pursuant to an oral contract with the defendant in the sum of $1,799.42. The defendant's answer consists of a general denial; payment; unskillful and unworkmanlike performance; and that the contract was illegal and contrary to public policy.

*The evidence adduced at the trial tended to show that* the parties entered into an oral contract whereby the plaintiff was to blast ledge and related matter on the defendant's premises located in Newton, Mass., and for such purposes the plaintiff was to supply one man, a compressor, hoses, jack-hammer, steel rods, bits, battery box, test boxes, wire nets, and to obtain a blasting permit and in consideration thereof was to receive the sum of $80 per day compensation while so employed.

Between August 3, 1956 and September 22, 1956 the plaintiff worked a period of thirty-six days. At no time did the plaintiff obtain a blasting permit from the City of Newton, but that on September 6, 1956, being about two-thirds of the time between the commencement and the completion of the contract, he did obtain a state bond as required by law.

The trial judge found as fact that the parties had entered into an oral contract for blasting, to be done by the plaintiff as an in-

dependent contractor on the defendant's premises at a compensation of $80 per day; and that it was done without the benefit of a permit under G. L. c. 148, §10A and without a state bond under G. L. c. 148, §§10 and 20A.

He ruled as a matter of law that the contract was not illegal in that it was not based on an illegal consideration; that the work was capable of being performed in a legal manner and that the alleged illegal acts entered neither into the promise nor the consideration. That although it was performed in an illegal way it was not necessarily illegal.

The trial judge found for the plaintiff in the sum of $1,639.42.

The defendant claims to be aggrieved by the denial of his requests for rulings numbered 1, 10, 11, 12, 13, 14, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, and by the qualified allowance of rulings numbered 2, 3, 4, 5, 6, 7, 8 and 9.

At the time of argument before this Division the defendant waived his grievance as to those requests 21 to 29.

As far as his alleged grievances to the requests numbered 2, 3, 4, 5, 6, 7, 8 and 9, which were granted by the trial judge and which the report describes as having been "qualified allowances", he cannot be aggrieved, it being well settled that a party has no right to a review of a ruling granted at his request. *Noble v. American Express Co.,* 234 Mass. 536, 539; *Thomas G. Jewett, Jr., Inc. v. Keystone Driller Co.,* 282 Mass. 469,

476; *Woodman v. Haynes,* 289 Mass. 114, 117, 118.

None of these requests appear to have been amended or altered by the trial judge before being granted. His voluntary parenthetical notation affixed to the requests that he had already granted added nothing to the granting, grammatically or otherwise.

It is familiar law that the reason for granting or refusing a request for a ruling of law is of no consequence if the granting or refusing of such request is correct as matter of law. *Marble v. Bloom,* 262 Mass. 191, 197. Not infrequently judges feel called upon to explain in more or less detail the reasons for their action in disposing of requests for rulings, and they do this solely for the information of parties and counsel and as a convenience. *Boyd, Petitioner,* 199 Mass. 262-264.

The only question of law now before us on this report is the correctness of the trial judge's rulings on the defendant's requests numbered 1, 10, 11, 12, 13, 14, 16, 20, 30 and 31, all of which were denied.

Without attempting to point out the various ways by which these ten requests might each have been properly denied, we prefer to consider them collectively as presenting a single question for decision as matter of law: — "is the plaintiff precluded from recovering compensation in accordance with the contract which the trial judge has found that the parties had made, because the plaintiff did

not obtain a permit, a license, a bond — before doing the blasting?"

The report contains no evidence of the happening of any of the dangers or evils which the cited statute (G. L. c. 148) was intended to guard against or prevent, and the trial judge has, we believe, properly ruled that the failure of the plaintiff to obtain a license, bond and permit, to be only an incidental part of the performance of the contract, *Hawes Electric Co. v. Angell,* 332 Mass. 190. and not of such moment as to justify the defendant breaching his contract by not paying for the results he has obtained.

The work having been completed, the possibility of damage or of the evil which the statute sought to guard against or prevent has ceased to exist. Apart from the failure to obtain the license, etc., the plaintiff has performed his contract and the defendant has obtained the work he bargained for.

We believe the trial judge committed no error by the denial of the ten requests for rulings hereinbefore set forth. *Fox v. Rogers,* 171 Mass. 546 (Leading case); *Palefsky v. Connor,* 270 Mass. 410.

*Report dismissed.*

William Bartley Shevory of Boston, for the Plaintiff.

Morris J. Gordon of Lynn, for the Defendant.