ARROW PLYWOOD CORPORATION *vs.* EIGHTY BOYLSTON
STREET CORPORATION.

Suffolk. November 3, 1971. — January 3, 1972.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Estoppel. Public Policy.*

In an action to recover a balance due under a contract to purchase
plywood at the plaintiff's cost, the plaintiff's alteration of his
supplier's invoice to reflect a federal import duty and the
Massachusetts sales tax, while highly improper, was neither an
illegal act resulting in harm to the defendant or creating an
estoppel nor so repugnant to public policy as to bar recovery.
|705–707|

CONTRACT. Writ in the Superior Court dated June 13,
1968.

The action was tried before *Rutledge,* J.

*Jordan L. Ring* for the defendant.

*Nachman S. Cohen* for the plaintiff.

TAURO, C.J. A jury verdict was rendered for the plaintiff in an action of contract to recover the balance due on an
agreement for the purchase and sale of plywood. The case
is here on the defendant's exceptions to the refusal of the
judge to direct a verdict for the defendant, to the allowance of the plaintiff's motion to amend the ad damnum of
the writ, to the denial of the defendant's motion to amend
its answer, to the refusal of the judge to rule that the alteration of an invoice by the plaintiff worked an estoppel which
precluded recovery, and to the denial of the defendant's
motion for a new trial.

The evidence warranted findings by the jury that the
parties entered into a contract through their agents in which
the defendant agreed to purchase a certain amount of plywood at the plaintiff's cost. After delivery of the plywood,
the defendant, desiring to ascertain the plaintiff's cost,

asked the plaintiff for a copy of the invoice from its supplier. The original invoice received by the plaintiff from its supplier did not include a Federal import duty of $2,880 or the Massachusetts sales tax of $489.60. Before sending a copy to the defendant, the plaintiff altered the invoice by increasing the unit prices to reflect the additional cost of the import duty and the sales tax.

The defendant discovered the alteration and made payment by check minus the import duty and the sales tax. The jury returned a verdict for the plaintiff in the amount of $3,369.60 which was the balance due for the import duty and the sales tax.

The defendant's principal exception raises essentially the issue whether the alteration of the invoice amounts to an illegal act on the part of the plaintiff which permitted a defence of estoppel and precluded recovery. In ruling upon several motions of the defendant, the trial judge concluded that there was no estoppel. Evidence on this point was admitted only on the issue of the credibility of the plaintiff's agent. There was no error. "Misrepresentations as to matters which are merely collateral and do not constitute essential elements of the contract into which a party is induced to enter, do not affect its validity or enforceability." *Kaplan* v. *Suher,* 254 Mass. 180, 182–183.

The defendant's allegations of illegality in connection with the alteration do not indicate any illegality in the agreement between the parties, or in the performance of the contract. The plywood was delivered as promised. The misrepresentations of the plaintiff did not harm the defendant. "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm . . . . 'The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate.'" *Boston & Albany R.R.* v. *Reardon,* 226 Mass. 286, 291.

The plaintiff should have sought payment for what ap-

pears to be a legitimate claim without resort to the highly improper alteration of its supplier's invoice. The plaintiff's recourse should have been by a forthright disclosure of the additional expenses. However, we conclude that the conduct of the plaintiff was not "so repugnant to public policy that the defendant should receive a gift of the plaintiff's . . . [goods]. The defendant received all to which he was entitled under his contract. . . . 'The supposed illegal acts entered neither into the promise nor into the consideration.'" *Buccella* v. *Schuster*, 340 Mass. 323, 326. See *Hawes Elec. Co.* v. *Angell*, 332 Mass. 190, 191–192.

We have considered all of the defendant's exceptions and conclude they are without merit.

*Exceptions overruled.*