REYNOLDS ALUMINUM BUILDING PRODUCTS COMPANY *vs.*
ALBERT LEONARD & another.[1]

Barnstable.  March 4, 1985. — June 25, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*District Court*, Appellate division. *Public Policy. Practice, Civil,* Admissions, Findings by judge.

A timely report, appealing a District Court judge's denial of a party's requests for rulings based upon admissions which had become binding on the opposing party by operation of Dist. Mun. Cts. R. Civ. P. 36 (1975), was sufficient to preserve for appellate review the judge's refusal to give the admissions conclusive effect. [258-259]

A plaintiff's failure to obtain the necessary plumbing permit did not preclude recovery on its contract with the defendants for sale of a solar hot water heating system and installation of the system in their home, where there had been no illegality in the formation of the contract and where the obtaining of the permit was merely an incidental part of the contract. [259]

Where, at the trial of a civil action, the judge declined to give conclusive effect to a party's requests for admissions, which had become binding on the opposing party by operation of Dist. Mun. Cts. R. Civ. P. 36 (1975), and where the record did not disclose that the opposing party had ever moved for withdrawal or amendment of the admissions or that the judge had given the party obtaining the admissions notice of how he intended to treat them, before making a factual finding contrary to one of the admissions, this court remanded the case for the judge to make further findings as to the degree of culpability of the party seeking relief from the admissions, any prejudice which relief from the admissions might cause to the party obtaining them, and whether relief from the admissions would advance presentation of the case, and for the judge to order entry of judgment accordingly. [259-262]

CIVIL ACTION commenced in the Barnstable Division of the District Court Department on June 11, 1981.

[1] Mary Frances Leonard.

The case was heard by *Richard O. Staff*, J.

*Albert Auburn* for the defendants.

*William G. Pontes* for the plaintiff.

LYNCH, J. In this contract action, we must determine the duties of the trial judge when he decides to ameliorate the effects of admissions that have become binding by the operation of Dist. Mun. Cts. R. Civ. P. 36 (1975). The plaintiff, Reynolds Aluminum Building Products Company (Reynolds), brought suit to recover for the sale and installation of a solar hot water heating system in the defendants' house. The defendants, the Leonards, denied liability because the system allegedly did not function as advertised, and they asserted a counterclaim based on G. L. c. 93A for false advertising. During the course of the proceedings, the Leonards made five requests for admissions, to which Reynolds never responded.[2] After a trial in the District Court the judge found for Reynolds, and dismissed the Leonards' counterclaim without discussing the requests for admissions.[3] The Leonards' report to the Appellate Division was dismissed, and they now appeal to this court. We reverse the order dismissing the report, and remand the case to the

---

[2] These requests stated:

"1. Admit that you, your agents, servants or employees never applied or made application to the Town of Bourne, its officers, employees or agents for a permit for the installation of the work and material set forth in Exhibit A of your complaint.

"2. Admit that you, your agents, servants or employees never received a permit from the Town of Bourne, its agents or employees for the installation of the work and materials set forth in Exhibit A of your complaint.

"3. Admit that after the installation of the work and materials set forth in Exhibit A of your complaint that no inspection of your work or materials was made by the Town of Bourne, its agents or employees.

"4. Admit that you advertised that the solar hot water heater system installed for the defendant would provide sixty (60%) percent to eighty (80%) percent of the hot water requirements."

"5. Admit that the hot water system installed for the defendant never did provide 60% to 80% of the defendant's requirements."

[3] The judge found one fact directly contrary to one of the admissions. He stated: "I find that the plaintiff made no representation to the defendants that the system to be installed would furnish sixty per cent or more of the defendants' hot water needs." With respect to the other admission which is crucial to this appeal, the judge stated: "I find that if a building permit

District Court for further findings, and entry of judgment based on those new findings.

On November 10, 1980, the parties entered into a contract under which Reynolds was to sell and install a solar hot water system in the Leonards' house. The total price of $3,795 was payable within thirty days after the installation was completed. The Leonards acknowledge that Reynolds completed installation, and that no part of the agreed price has been paid. The Leonards claim that the equipment did not function properly, that it was not installed in a workmanlike manner, that it never supplied the advertised amount of hot water, and that Reynolds never corrected defects in the system despite notification. The Leonards filed a counterclaim alleging that Reynolds falsely advertised the effectiveness of the system and caused $750 damage to the Leonards' roof during installation. The Leonards also sought removal of the system from their house. At trial, Albert Leonard testified that he was never able to get any hot water from the system, that he made numerous complaints to Reynolds, and that Reynolds' representatives made three visits to his house but failed to correct the problem. The Leonards also introduced in evidence the five unanswered requests for admissions. Because of Reynolds' failure to answer these requests, they are considered "conclusively established" under Dist. Mun. Cts. R. Civ. P. 36 (1975).[4] Reynolds' supervisor

___

or plumbing permit were required by the state or town, that the issue of who was responsible for obtaining such permits is not relevant to the issues presented by this case."

[4] Rule 36 (a) states in part: "The matter [requested] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission either (1) a written statement . . . specifically (i) denying the matter or (ii) setting forth in detail why the answering party cannot truthfully admit or deny the matter; or (2) a written objection addressed to the matter . . . . "

Rule 36 (b) states in part: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that

testified that on one of his visits to the house, he discovered that the Leonards had diverted hot water from the system to a radiator in order to heat one room, an unintended use of the solar hot water system. Following trial, the Leonards made several requests for rulings, including two which incorporated the information which was the subject of the prior requests for admission.[5] All the requests were denied. The judge found in favor of Reynolds for the full contract price, plus interest, costs, and attorneys' fees.[6] Giving no effect to Reynolds' admissions, the judge found that Reynolds had not represented that the system would provide sixty per cent or more of the Leonards' hot water requirements. In addition, he found that whether a permit was required was irrelevant to the case. Finally, he found that the Leonards failed to sustain their burden of proof on the counterclaim. The Appellate Division dismissed the Leonards' report.

1. *Sufficiency of the report.* Reynolds accurately notes that the report does not state any ruling by the judge with regard to Reynolds' failure to respond to the request for admissions. Reynolds argues that the Leonards had therefore failed to preserve their right of appellate review of this issue in accordance with Dist. Mun. Cts. R. Civ. P. 64 (a) (1975). However, the judge was not required to take any action; simply by operation of rule 36 (a), the matters were deemed admitted after thirty days. There is nothing in the record to suggest that the judge refused to allow the admissions in evidence, or even that

withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

Rule 36 is identical to Mass. R. Civ. P. 36, 365 Mass. 795 (1974), and substantially the same as Fed. R. Civ. P. 36.

[5] These two requests stated:

"1. Reynolds Aluminum failed to furnish a solar hot water system which they represented would provide 60 to 80 percent of the hot water requirements of the Leonards, and therefore Reynolds Aluminum cannot recover in this action.

"2. The installation of the solar hot water system without a permit for installation and plumbing was a violation of the state building code and the law, and therefore Reynolds Aluminum cannot recover for the illegal installation of the solar hot water system."

[6] The contract provided for the payment of attorneys' fees "if the account is placed with an attorney for collection."

Reynolds objected to them. Rule 64 (a) is therefore irrelevant to the preservation of the Leonards' appellate rights. The Leonards incorporated these admissions into two requested rulings, which were denied. A timely report was claimed, appealing the denial of these rulings. This was sufficient to preserve the Leonards' right of review in the Appellate Division.

2. *Failure to obtain permits.* The Leonards argue that Reynolds is not entitled to recover under the contract because Reynolds failed to obtain the necessary plumbing permit. See 248 Code Mass. Regs. § 2.04 (3) (1983). Assuming, without deciding, that it was Reynolds' duty to obtain such a permit, we do not agree that its failure to do so prevents recovery in this case. The Leonards admit that there was no illegality in the formation of the contract, but claim that performance was illegal. Considering all of the circumstances of this case, the Leonards have advanced no reason to question the judge's conclusion that the conduct complained of was merely an incidental part of the contract and does not entitle the Leonards to the windfall they seek. See *Town Planning & Eng' g Assocs.* v. *Amesbury Specialty Co.*, 369 Mass. 737, 745-747 (1976); *Green* v. *Richmond*, 369 Mass. 47, 51-52 (1975); *Arrow Plywood Corp.* v. *Eighty Boylston St. Corp.*, 360 Mass. 705, 706-707 (1972).

3. *Effect of the admissions.* Under Dist. Mun. Cts. R. Civ. P. 36 (1975), Reynolds' failure to respond to the Leonards' request for admissions conclusively established the truth of those admissions for this case. This remains true regardless of the importance of the matters thus deemed to be admitted. See *Rome* v. *United States*, 450 F. Supp. 378, 383 (D.C. 1978), aff'd, 446 U.S. 156 (1980). See also *Wang Laboratories, Inc.* v. *Docktor Pet Centers, Inc.*, 12 Mass. App. Ct. 213, 214 (1981) (admitted matter the basis of plaintiff's affirmative case); *Equal Employment Opportunity Comm' n* v. *Baby Prods. Co.*, 89 F.R.D. 129, 132 (E.D. Mich. 1981) (admitted matter sufficient basis for granting summary judgment).[7]

---

[7] Reynolds relies on the rule of *Pickens* v. *Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), that "requests for admissions as to

The judge is empowered by the rule to permit withdrawal or amendment of the admission. The effect of the rule in a given case may be unduly harsh, and the ability of the judge to exert an ameliorating influence is essential to avoid a result in which form triumphs over substance. The judge may ameliorate the effect of the rule when: (1) the presentation of the merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. See rule 36 (b). Normally, the judge's decision will be set aside only on a showing of an abuse of discretion. See, e.g., *Brown* v. *Arlen Management Corp.*, 663 F.2d 575, 580 (5th Cir. 1981).

In this case, however, we are presented with somewhat unusual circumstances. First, Reynolds never moved for withdrawal or amendment of the admissions.[8] Had it done so, Reynolds would still have been required to make at least some showing of why that action would be justified, even though the rule places the burden of showing prejudice on the Leonards in this case.[9] *Jones* v. *Employers Ins.*, 96 F.R.D.

---

central facts in dispute are beyond the proper scope" of rule 36. Under the Federal rule as amended, in 1970, this statement in *Pickens* is no longer good law. See Advisory Committee Notes to Fed. R. Civ. P. 36, 1970 Amendments, 28 U.S.C., App. (1982); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2257, at 715-717 (1970). Since Massachusetts has adopted the Federal rule as amended in 1970, we too reject the quoted language from *Pickens*.

[8] The rule is phrased in terms of the judge acting "on motion." We express no view whether the judge is so limited in every circumstance that might arise.

[9] "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admission." *Brook Village N. Assocs.* v. *General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). See *Schmid* v. *Olsen*, 111 Wis. 2d 228, 239 (1983). By reference to Dist. Mun. Cts. R. Civ. P. 16 (1975), rule 36 impliedly adopts the stricter standard of preventing "manifest injustice" when a party delays seeking relief until trial has commenced. *Brook Village N. Assocs.*, *supra* at 71.

227, 230 (N.D. Ga. 1982). *Janczyk* v. *Davis*, 125 Mich. App. 683, 692-693 (1983). Otherwise, rule 36 would "constitute nothing more than a paper tiger." *Equal Employment Opportunity Comm'n* v. *Baby Prods. Co.*, *supra* at 132. Cf. *Riley* v. *Northern Commercial Co.*, *Mach. Div.*, 648 P.2d 961, 965 (Alaska 1982) ("Too liberal sufferance of a litigant's procrastination . . . would undermine the purposes of the rule").

Second, the record does not disclose when or if the judge gave the Leonards notice of how he planned to treat the admissions.[10] Generally, neither a party nor the judge should wait until trial, or worse, after trial, to alleviate the impact of an admission, or to state his reasons for doing so. See *Rainbolt* v. *Johnson*, 669 F.2d 767, 769 (D.C. Cir. 1981); 4A Moore's Federal Practice par. 36.08, at 36-71 n.10 (1983). The purpose of the rule is to assist "the parties in their preparation for trial by facilitating proof with respect to issues that cannot be eliminated from the case, and by narrowing the issues by eliminating those that can be." *Equal Employment Opportunity Comm'n* v. *Baby Prods. Co.*, *supra* at 130. See Advisory Committee Notes to Fed. R. Civ. P. 36, 1970 Amendments, 28 U.S.C., App. (1982). Obviously, these purposes are ill-served when a party is informed at, or subsequent to, trial that he must now establish facts for which he had no reason to suspect additional proof would be required. Neither are these purposes served when the judge fails to inform the parties, on the record, exactly how he intends to treat an admission and why. The Leonards were prejudiced by the judge's failure to explain his actions concerning the admissions, where the judge found as fact a matter directly contrary to one admission. It does not appear that the judge ever considered prejudice to the Leonards, nor does it appear that "manifest injustice" would have resulted by holding Reynolds to its admissions. The judge may not simply decide that he finds other evidence relating to the

---

[10] At oral argument, the Leonards stated that this issue was raised in a pretrial lobby conference, and that the judge indicated that he did not view the admissions as binding. It is not clear whether he treated them as evidence, but found other evidence more credible, or whether he decided sua sponte to withdraw the admissions.

admitted matter more credible than the admission. See *Brook Village N. Assocs.* v. *General Elec. Co.*, 686 F.2d 66, 71 (1st Cir. 1982).

Furthermore, the record does not disclose any justifiable reason for withdrawing the admission in this case, since the judge failed to make findings on this issue. As we have stated, ordinarily the judge has the discretion to ameliorate the effects of an admission resulting from the operation of rule 36. In this case, however, we will not sustain the sua sponte relief from the admissions the trial judge granted without explanation on the eve of trial. Even if there had been a timely motion under the rule, we would not, as Reynolds apparently urges, merely assume that the judge had good reasons for the exercise of his discretion. A judge must explain on the record his decision to allow relief from rule 36. Cf. *Asea, Inc.* v. *Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (when sanctions imposed for discovery abuse, findings necessary for proper appellate review). These findings should examine the degree of culpability of the party seeking relief, the prejudice resulting to the other party, and whether relief will advance presentation of the case on the merits and otherwise promote effective justice. See, e.g., *Equal Employment Opportunity Comm'n* v. *Baby Prods. Co.*, *supra* at 131-132; *Westmoreland* v. *Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976).

For these reasons, the order dismissing the report must be reversed. We do not order entry of judgment for the Leonards, however, since there was other evidence at trial — the Leonards' alleged modification of the solar hot water system — on which the judge made no findings, and which might allow Reynolds relief despite its admissions. We therefore remand the case to the District Court for further findings and entry of judgment based on those findings.

*So ordered.*