Hurley, J.
In this contract action, the plaintiff seeks to recover $2,890 for labor and materials provided to the defendant The trial judge found for the plaintiff. The defendant appeals claiming the judge erred in his action on the defendant’s requests for rulings and in the admission of certain evidence. We dismiss the report
The plaintiff, an electrical subcontractor, was hired by the third party defendant general contractor to perform electrical work on the defendant’s home. The defendant and the third party defendant reached an impasse during the work. The third party defendant ceased work on the job and the defendant hired other persons to complete the work contemplated in his contract with the third party defendant. This litigation arose because the defendant alleges that he had paid the third party defendant for all of the electrical work done in his home. His position is that the plaintiff should be paid by the third party defendant, not him.
During the course of the trial discovery, the defendant served on the plaintiff and the third party defendant identified sets of requests for admission pursuant to Dist/ Mun. Cts. R. Civ. P., Rule 36. Certain of the requests sought admission that the defendant had paid the third party defendant in full, in advance, for all of the electrical work to be done under the contract between the defendant and the third party defendant. N either the plaintiff nor the third party defendant served answers to these requests within the thirty day time period prescribed by Rule 36. In an affidavit filed in oppositionto the defendant’s motionfor summary judgment[1] theplaintiffgavereasons why he had not answered the requests and in addition submitted “Plaintiffs Response to Request for Admissions.” No motion to withdraw, amend or permit late filing of same was made by the plaintiff. At trial the request for admission was never offered into evidence. Evidence was introduced which tended to contradict the matters deemed to be constructively admitted. The defendant did not objectto the introduction of this evidence.
After all parties rested and prior to closing arguments, the defendant made two requests for rulings. The first sought a ruling that the truth of the matters set forth in the requests for admission be admitted. The trial judge allowed this request The second sought a ruling that the third party defendant owes the amount claimed in the plaintiffs complaint and not the defendant The trial judge denied this request The trial judge found for the plaintiff against the defendant determining that the plaintiff and the defendant entered into a new agreement after the third party defendant had *150 left the job.
Dist./Mun. Cts. R. Civ. R, Rule 36(b) provides that “[A]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.” No such motion was made. Since the plaintiff failed to respond within the thirty day response time, the matters are deemed admitted. Rule 36(a). See S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass. App. Ct. 477 (1980). While it is recognized that an amendment or withdrawal of an admission may be accomplished without a separate motion, the trial judge made no determination in the record, as he must, that relief from the operation of Rule 36 was allowed. Reynolds Aluminum Building Products Co. v. Leonard, 395 Mass. 255 (1985). The allowance by the trial judge of request for ruling No. 1 does not preclude a finding that the defendant owes the plaintiff for the work the plaintiff did. The request for admissions was never read into evidence prior to the close of trial. This would have been necessary to establish the facts contained in the request for admissions. Fischer Realty Trust v. Board of Appeals of Concord, supra. While the allowance by the court of request for ruling No. 1 may have been error, that does notrequire areversalinthis case. Since evidence was admitted without objection, which conflicts with the matters deemed admitted, this was a basis for the court to conclude that the plaintiff and defendant had entered into an agreement for the plaintiff to complete the electrical work remaining to be done. But for the issue of Rule 36, there is no issue raised as to the sufficiency of the evidence to support the trial judge’s determination of a novation between the plaintiff and the defendant. The judge specifically found that the plaintiff completed the work at the request of the defendant.
The report is dismissed.

 This motion was denied.