Fabricant, J.
After hearing on the defendants’ motions to dismiss, and review of all materials submitted, the Court concludes the motions must be allowed in part and denied in part, as follows.
For purposes of a motion to dismiss pursuant to Mass.R.Civ.P. 12(b), the allegations of fact in the complaint must be treated as true, with all reasonable inferences drawn in favor of the plaintiffs. See General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). Characterizations and conclusions of law, however, warrant no such consideration, and may be disregarded. See e.g. Boston & M.R.R. v. County Com’rs of Middlesex County, 239 Mass. 127, 131 (1921). A motion to dismiss should be granted only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. at 584, quoting Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The complaint alleges, in substance, that the defendant BASF Magnetic Corporation terminated the plaintiff Terence O’Kelly from his at-will employment as of December 1996, and prevented his employment with its corporate successor, in retaliation for his refusal to engage in illegal price fixing. The alleged refusal occurred, according to the complaint, in response to a series of requests between 1992 and 1995 from the employer’s foreign parent. As a result of his wrongful termination, the complaint alleges, Terence O’Kelly suffered “substantial losses in earnings, employment benefits and other incidental financial losses,” as well as “humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety,” and his wife Deborah O’Kelly suffered loss of consortium. The complaint further alleges that the plaintiff first discovered the reason for his termination in November of 1999, when attorneys for the employer showed him evidence from which he concluded that “his superiors at BASF had participated in an illegal price fixing scheme with their competitors.” Based on these allegations, the complaint asserts eight counts[1] against the plaintiffs former employer, his former superior in that corporation, and the employer’s corporate successor.[2]
The primary thrust of the present motions is that the complaint is barred by the statute of limitations, having been filed on May 31, 2000, more than three years' after the December 1996, termination of the *168 plaintiffs employment.[3] The plaintiff responds by attempting to characterize his claims as sounding in contract rather than tort. As a fall-back position, he contends that he was unable to discover the unlawful reason for his discharge until the alleged meeting with the employer’s attorneys in November of 1999.
Although Massachusetts cases have applied principles of tort law to claims of discharge in violation of public policy, e. g. Flesner v. Technical Communications Corporation, 410 Mass. 805, 813 (1991), see Fortune v. National Cash Register, 373 Mass. 96, 102 and n.8 (1977), none has directly considered the issue of what statute of limitations applies to such claims. The United States District Court for the District of Massachusetts has done so, however, with respect to a closely analogous claim, and applied the three-year limitations period for tort claims under G.L.c. 260, §2A. Hyland v. Dennison Manufacturing Company, 496 F.Sup. 939, 940-41 (D.C. Ma. 1980). The Court there reasoned that the claim sounds in tort, because it arises from duties imposed by law, based on social policy, rather than from any agreement of the parties. The reasoning of that decision is persuasive, and fully applicable here.
It does not automatically follow, however, that the plaintiffs’ claims fall outside the statute of limitations. Application of the three-year limitation depends on when O’Kelly knew or reasonably should have known the facts giving rise to his cause of action. See White v. Peabody Construction Co., Inc., 386 Mass. 121, 130 (1982) (“the statute of limitations begins to run when the injured person has notice of the claim"). Clearly, he knew as of December of 1996 that he was discharged, and he knew even earlier that he would be discharged. Clearly he also knew at that time that the discharge harmed him. Discharge of an at-will employee, however, does not usually give rise to a cause of action. Before O’Kelly could reasonably be expected to perceive the existence of a claim, he would have to have access to information from which he could reasonably be expected to conclude, or at least suspect, that his discharge was based on an unlawful reason. Compare Wynn & Wynn v. MCAD, 431 Mass. 655, 673 (2000) (discussing equitable tolling as applicable only “where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit”); see also Ross v. Garabedian, 433 Mass. 360, 365-66 (2001) (limitations period tolled by plaintiffs inability to recognize causal connection between defendant’s conduct and harmful consequences).
The complaint, read in the indulgent manner required on a motion to dismiss, asserts facts indicating that O’Kelly first obtained that information in November of 1999. The assertions as presented might reasonably be thought to warrant some skepticism; if O’Kelly did not suspect retaliation at the time of his discharge, despite his awareness of the earlier events alleged, it is difficult to see how the additional information he acquired from the defendant’s lawyers in 1999 stimulated the realization claimed. At this stage, however, the Court is not free to evaluate the plausibility of the plaintiffs’ allegations, but must accept them as true. Accordingly, the motion to dismiss on statute of limitations grounds must be denied.[4]
Certain other issues raised by defendants do require dismissal of certain claims. Count II of the complaint, purporting to allege “Breach of Express and Implied in Fact Contract,” is barred by the plaintiffs explicit admission, in paragraph 35, that the employment contract between the plaintiff and BASF Magnetic Corporation “was terminable at will.” Compare, Jackson v. Action for Boston Community Development, 403 Mass. 8, 9 (1988); see G.L.c. 231, §87 (allegations of complaint are admissions of fact against plaintiff); Reynolds Aluminum Building Products Co. v. Leonard, 395 Mass. 255, 259-62 (1985) (party admission is conclusively binding). Count VIII, alleging “Breach of Implied Covenant of Good Faith and Fair Dealing,” fails to state a claim on which relief may be granted, in that it contains no allegation that BASF discharged O’Kelly in order to deprive him of any earned compensation or benefits. See Fortune v. National Cash Register, 373 Mass. at 105-06. These two counts must therefore be dismissed.
CONCLUSION AND ORDER
For the reasons stated, the Defendant John J. Healion’s Motion to Dismiss is ALLOWED as to Counts I, II, VI, VII, and VIII, and DENIED as to Counts III, IV, and V. The Defendants BASF Magnetics Corporation and BASF Corporation’s Motion to Dismiss the Plaintiffs’ Complaint is ALLOWED as to Counts II, III, IV, VII, and VIII, and DENIED as to Counts I and V.

 The plaintiffs opposition to the present motions states that he “agrees to voluntarily dismiss Counts Six and Seven.” Accordingly, those counts will be dismissed as to all defendants without further discussion.

 Although the counts set forth in the complaint provide no explicit differentiation among the defendants, at argument on the present motions plaintiffs’ counsel clarified his intention to assert counts III and IV only against defendant Heal-ion, and counts I, II, and VIII only against the remaining defendants. Count V, alleging loss of consortium on behalf of Deborah O'Kelly, derives from the other counts, so is presumably directed against the defendant against whom each remaining count is asserted. For clarity, each count will be dismissed as to those defendants to whom it is not directed.

 Defendants assert that the statute actually began to run in October of 1996, when, according to the complaint, defendant Healion notified the plaintiff of his termination. As will be seen, nothing turns on the two month difference between these dates.

 The issue, of course, remains open for further consideration, on a more complete factual record, at the summary judgment stage.