The father appeals from so much of the corrected judgment for custody, support, and parenting time as awarded the mother sole legal custody of the minor child. The father argues that the judge failed to give proper effect to facts admitted as a result of the mother's untimely responses to the father's requests for admissions. See Mass. R. Dom. Rel. P. 36. Because the father fails to identify any particular finding of fact that does not give proper effect to, is contradicted by, or is clearly erroneous in light of the admissions, we affirm.
Background. The mother and father had a relationship beginning in 2012 but never married. The minor child was born in 2013. In 2015, the father filed a complaint for custody, support, and parenting time. The mother filed a separate complaint seeking custody and child support.
The father served on the mother six sets of requests for admissions. The mother failed to timely serve answers to four of the six sets, and the judge deemed them admitted. In 2017, after two days of trial, the judge issued findings of fact and ordered judgment awarding sole legal custody to the mother.[2] The father appealed.[3]
Discussion. The father argues that the judge abused her discretion by ignoring or excluding the facts established by the judicially admitted rule 36 requests, rendering the judge's findings clearly erroneous. We disagree.
Under rule 36(b), a failure to timely respond to requests for admissions "conclusively establishe[s] the truth of those admissions." Reynolds Aluminum Bldg. Prods. Co. v. Leonard, 395 Mass. 255, 259 (1985). See Mass. R. Dom. Rel. P. 36 (b). But "[p]aragraph (b) recognizes that '[t]he effect of the rule in a given case may be unduly harsh, and the ability of the judge to exert an ameliorating influence is essential to avoid a result in which form triumphs over substance.' " Houston v. Houston, 64 Mass. App. Ct. 529, 533 (2005),[4] quoting Reynolds Aluminum, 395 Mass. at 260. "Normally, the judge's decision will be set aside only on a showing of an abuse of discretion." Reynolds Aluminum, 395 Mass. at 260.
Here, the judge informed the parties that the admissions did not bind the court to "decide custody by default." See Houston, 64 Mass. App. Ct. at 535 ("there may be an inherent tension between admissions by default in child custody disputes and a judge's obligation in such matters to ensure that an award of custody is in the child's best interests"). The judge stated that she would allow the mother to testify regarding facts admitted by default and that the father should be prepared to cross-examine. The judge noted that if she found the mother's testimony credible, it would be given "more weight than a defaulted admission." "The judge may ameliorate the effect of the rule when: (1) the presentation of the merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. See rule 36(b)." Reynolds Aluminum, 395 Mass. at 260.
Because the father was relying on the admissions as the primary evidence to support his case, the judge offered him the opportunity to postpone the trial to plan accordingly; the father declined, stating that he understood the judge's instruction, and moved forward with his case. Compare Reynolds Aluminum, 395 Mass. at 261 (defendants were prejudiced by judge's failure to give timely notice that he would not treat admissions as binding). The father has not identified any prejudice to him resulting from the judge's treatment of the admissions.
In particular, the father has not identified a single finding of fact that fails to give proper effect to, is contradicted by, or is clearly erroneous in light of the admissions. "It is the appellant's burden to show that a finding is clearly erroneous." Allen v. Allen, 86 Mass. App. Ct. 295, 298 (2014). The closest the father comes is to list, in an addendum to his brief, certain admissions that he claims were "ignored" by or "excluded" from the findings of fact. The list does not identify any particular finding of fact that is clearly erroneous in light of the listed admissions, nor does it identify any issue on which additional findings of fact should have been made that would call the judgment into question. In this respect, the father's brief does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Even if the judge had erred in her treatment of the admissions (and we do not imply that she did), the father has not shown that any such errors were prejudicial.
Corrected judgment affirmed.

Corrected findings and a corrected judgment entered on May 24, 2017, nunc pro tunc to the date of the original findings and judgment.

The notice of appeal was filed after the denial of the father's posttrial motion to amend the findings of fact and conclusions of law and for relief from judgment. The notice of appeal did not, however, identify the order denying that motion as a subject of the appeal. See Mass. R. A. P. 3 (c), as appearing in 442 Mass. 1502 (2004) (notice of appeal "shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from"). Thus the propriety of the denial of the motion is not before us. In any event, the father's brief makes no argument regarding the motion.

The father was a party to this 2005 divorce case.